UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16-cr-00055-JMS-DML |
| | ) | |
| IRENE VASQUEZ-RAMOS, | ) | |
| | ) | -01 |
| | ) | |
| Defendant. | ) | |

**Entry Denying First Step Act Motion**

Defendant Irene Vasquez-Ramos filed a document titled "Motion Requesting a Reduction Under 3582(c)(2) for Extraordinary and Compelling Circumstances and for the Attorney General's Assistance in Contacting Homeland Security for the Use of Earned Time Credits," which the Court construes as a motion for sentence reduction under the First Step Act of 2018 (the "First Step Act"), Pub. L. No. 115-391, 132 Stat. 5194 (2018). Dkt. 211. For the reasons explained below, the motion, dkt. [211], is **denied**.

**Background**

On October 19, 2016, Ms. Vasquez-Ramos was charged by superseding indictment in this case with: (1) one count of conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), and 846 (Count One); and (2) one count of possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii) (Count Two). Dkt. 97. On June 7, 2016, Ms. Vasquez-Ramos was charged in a related case with an additional count of conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of

methamphetamine (Count One in the related-case indictment). *United States v. Vasquez-Ramos*, No. 1:16-cr-00124-LJM-DKL-1 ("Related Case Dkt."), Dkt. 46.

On April 19, 2017, Ms. Vasquez-Ramos pleaded guilty to Count One in both of the related cases. Dkt. 164. The statutory minimum for each count was 10 years of imprisonment. 21 U.S.C. § 841(b)(1)(A)(viii) (2017). As part of the plea agreement, Ms. Vasquez-Ramos agreed that she would be sentenced to a term of imprisonment within the range of 185 to 235 months. Dkt. 150 at 4. She also stipulated that she qualified as a manager or supervisor (but not an organizer or leader) and that the criminal activity involved five or more participants. *Id.* at 11–12. She waived her right to appeal her conviction and the sentence imposed on any ground and waived her right to collaterally attack her conviction or sentence (other than claims of ineffective assistance of counsel). *Id.* at 13–14.

Prior to sentencing, a Presentence Investigation Report ("PSR") was prepared. Dkt. 173. The PSR showed that Ms. Vasquez-Ramos had no criminal history and that she was a Mexican citizen in the United States illegally. *Id.* at 3, 8. It concluded that she had an offense level of 36, a criminal history category of I, and a Sentencing Guideline imprisonment range of 188 to 235 months. *Id.* at 12.

On June 28, 2017, Ms. Vasquez-Ramos was sentenced to a 220-month term of imprisonment in each case, with the two sentences to run concurrently. Dkt. 193; Related Case Dkt. 168. The Court also imposed 5 years of supervised release in each case, again to run concurrently. *Id.* The Court dismissed Count Two of the superseding indictment in this case. Dkt. 190. Judgment was entered in both cases on July 5, 2017. Dkt. 193; Related Case Dkt. 168. Ms. Vasquez-Ramos did not appeal.

Ms. Vasquez-Ramos is 35 years old and is currently incarcerated at the Federal Correctional Institution in Aliceville, Alabama. The Bureau of Prisons ("BOP") website lists her release date as October 3, 2031.

## Discussion

In her motion, Ms. Vasquez-Ramos asks the Court to request that "the Attorney General . . . assist her in obtaining relief through the Department of Homeland's Security for permission to utilize the earned time credits that would allow [her] the opportunity to use the credits for an earlier release as a deportable alien." Dkt. 211 at 1. She also states that the First Step Act "urges the Federal Bureau of Prisons to create programs that will allow prisoners the opportunity to earn time credits to utilize for earlier release to halfway house and home confinement," but "if you are not a U.S. Citizen, you will only be allowed to utilize these credits if you are being deported back to your country." *Id.* Thus, she asks the Court to "urge the Attorney General" to institute removal proceedings against her or forward her request to the Attorney General. *Id.* at 2.

This request appears to be based on a misunderstanding of Section 101 of the First Step Act, portions of which are codified at 18 U.S.C. § 3632. *See* 132 Stat. at 5195. Among other things, § 3632 directs the Attorney General to develop a system that provides "incentives and rewards for prisoners to participate in and complete an evidence-based recidivism reduction program." 18 U.S.C. § 3632(d). Those incentives and rewards include time credits earned after successful completion of "evidence-based recidivism reduction programming or productive activities." *Id.* § 3632(d)(4)(A). Time credits earned under this program "shall be applied toward time in prerelease custody or supervised release." *Id.* § 3632(d)(4)(C). However, "[a] prisoner is ineligible to apply time credits under subparagraph (C) if the prisoner is the subject of a final order of removal under any provision of the immigration laws (as such term is defined in section 101(a)(17) of the

3

Immigration and Nationality Act (8 U.S.C. 1101(a)17)))." *Id.* § 3632(d)(4)(E). In addition, "[t]he Attorney General . . . shall ensure that any alien described in section 212 or 237 of the Immigration and Nationality Act (8 U.S.C. 1182, 1227) who seeks to earn time credits are subject to [the removal proceedings] described in section 238(a) of the Act (8 U.S.C. 1228(a)) at a date as early as practicable during the prisoner's incarceration." *Id.* § 3634(d)(4)(E).

Under § 3632, obtaining a final order of removal does not—as Ms. Vasquez-Ramos contends—make a prisoner eligible to use time credits earned for participating in recidivism-reduction programs. Instead, a final order of removal makes such a prisoner ineligible.  Thus, urging the Attorney General to institute removal proceedings against Ms. Vasquez-Ramos would not give her what she seems to want—the ability to use time credits earned under § 3632. And even if Ms. Vasquez-Ramos's reading of § 3632 were correct, there is no evidence that she has completed any qualifying recidivism-education programs or earned any time credits. Thus, the Court denies her request to urge the Attorney General to assist her in using earned time credits.

In her motion, Ms. Vasquez-Ramos also requests a sentence reduction under "3582(c)(2) for extraordinary and compelling circumstances" because the sentencing factors in 18 U.S.C. § 3553(a) do not support the 220-month sentence she received. Dkt. 211 at 1–2. She contends that she is a first-time, nonviolent offender who will be deported back to her country and, thus, the sentence she received "was unnecessary considering her criminal history and characteristics." *Id.* at 2.

The Court understands Ms. Vasquez-Ramos to be requesting a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i),[1] which provides that a court may "reduce the term of imprisonment

---

[1]To the extent Ms. Vasquez-Ramos is, in fact, relying on 18 U.S.C. § 3582(c)(2), her request for sentence reduction is denied. Section 3582(c)(2) allows a court to reduce a defendant's sentence if the defendant was sentenced to a term of imprisonment "based upon a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." Even assuming that Ms.

(and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction."[2] But Ms. Vasquez-Ramos does not set forth any "extraordinary and compelling reasons" to reduce her sentence. She merely argues that her sentence was wrong when originally imposed. Such arguments are cognizable on appeal, not in a First Step Act motion.[3]

In her reply, Ms. Vasquez-Ramos contends, for the first time, that "extraordinary and compelling reasons" exist under § 3582(c)(1)(A)(i) if "one is facing the injustice of serving a term of incarceration longer than Congress now deems warranted for the crimes one has committed." Dkt. 219 at 1. She then requests that the Court "consider a reduction for her infraction free record since sentencing, her lack of criminal history prior to sentencing, the fact that she was not granted

---

Vasquez-Ramos was sentenced based on a Sentencing Guidelines range, she has not identified a post-sentencing change to the Sentencing Guidelines that would affect her sentence.

The government also assumes that Ms. Vasquez-Ramos relies on § 404 of the First Step Act, which allows courts to reduce sentences for defendants convicted of certain "covered offenses" involving crack cocaine. *See* Dkt. 215 at 3–4 (discussing 132 Stat. at 5222 (§ 404 of the First Step Act)). The Court does not understand Ms. Vasquez-Ramos to invoke § 404. To the extent she does, the government is correct that she does not qualify for relief under § 404 because she did not commit a "covered offense" for purposes of § 404. *See United States v. Ridlen*, No. 12-CR-40020-NJR-14, 2020 WL 469664, at *2 (S.D. Ill. Jan. 29, 2020) (holding defendant entitled to no relief under First Step Act for methamphetamine offense).

[2]Section 3582(c)(1)(A) requires defendants to exhaust their administrative remedies before seeking relief from a court. That requirement is not jurisdictional and, thus, may be waived by the government. *See United States v. Jackson*, No. 2:15-cr-00013-JMS-CMM-1, Dkt. 137 (S.D. Ind. Apr. 28, 2020). Because the government did not raise exhaustion in its response, *see* dkt. 215, the Court concludes that it has waived the exhaustion requirement here.

[3]To the extent Ms. Vasquez-Ramos is not arguing that her sentence was improper when originally imposed but is rather arguing that the § 3553(a) factors currently favor a sentence reduction, her argument fails. Section 3582(c)(1)(A)(i) does not give courts free rein to reapply the § 3553(a) factors. Before a court considers those factors, "extraordinary and compelling reasons" must exist to reduce the sentence. Ms. Vasquez-Ramos has not identified any "extraordinary and compelling reasons" for a sentence reduction.

the statutory safety valve just recently amended in the First Step Act, and the finding that a sentence of such does not meet the goals set by Congress." *Id.* at 2. She concludes, "Had she been sentenced today, there is a possibility that the outcome of her sentence would have been different." *Id.* Despite this addition of additional information and argument, Ms. Vasquez-Ramos's request for a sentence reduction is still due to be denied.

The Court understands Ms. Vasquez-Ramos to be arguing that, if she were sentenced today, she would benefit from the amended "safety valve" provision set forth in the First Step Act and receive a lower sentence. Thus, she argues, she is currently serving a sentence longer than Congress would now deem warranted for her crimes. In making this argument, she relies on § 402 of the First Step Act, which broadened the existing safety valve provision and is codified at 18 U.S.C. § 3553(f). 132 Stat. at 5221. Under § 3553(f), for certain crimes (including those of which Ms. Vasquez-Ramos was convicted), a court must sentence a defendant under the Sentencing Guidelines without regard to any statutory minimum if the Court makes certain findings, including that the "defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act." 18 U.S.C. § 3553(f)(4). The revisions to the safety valve provision were not made retroactive. 132 Stat. at 5221 ("The amendments made by this section shall apply only to a conviction entered on or after the date of enactment of this Act.").

It is not clear that a non-retroactive change to the rules for sentencing defendants can be an "extraordinary and compelling reason" under § 3582(c)(1)(A)(i). Regardless, Ms. Vasquez-Ramos has not shown that she would qualify under the revised safety valve provision if she were sentenced today. Among other things, the statutory minimum for Ms. Vasquez-Ramos's crimes was 10 years.

But the PSR shows that Ms. Vasquez-Ramos's guideline range was 188 to 235 months, and she was sentenced within that range. Dkt. 150 at 12; dkt. 193. That is, the Court was not faced with a Sentencing Guideline range that went below the statutory minimum.  Moreover, Ms. Vasquez-Ramos stipulated in her plea agreement that she was a manager or supervisor. Dkt. 150 at 11–12. Thus, she would not qualify under the revised safety valve provision.

As for Ms. Vasquez-Ramos's reliance on her lack of criminal history, that fact would be relevant to the Court's consideration of the § 3553(a) sentencing factors, but it is not, in this case, an "extraordinary and compelling reason" warranting a sentence reduction.[4] That leaves Ms. Vasquez-Ramos's claim that she has an "infraction free record since sentencing." Dkt. 219 at 2. There is no evidence to support that claim, but even if there were, the Court does not find that an infraction-free record—standing alone—warrants a sentence reduction in this case. While maintaining an infraction-free record over the course of nearly three years of incarceration is to be commended, on its own it is not an extraordinary or compelling reason for a sentence reduction.

Ms. Vasquez-Ramos's motion for sentence reduction, dkt. [211], is **denied**.

**IT IS SO ORDERED.**

Date: 5/7/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

---

[4] Even if a defendant's lack of criminal history could, in some case, enter into the analysis of whether there were "extraordinary and compelling reasons" for a sentence reduction, the Court finds that it does not do so here. In her plea agreement, Ms. Vasquez-Ramos stipulated that, after she was incarcerated for the charges at issue in his case, she used a jail telephone to direct an associate to distribute two pounds of methamphetamine, which action led to the charges in Case No. 1:16-cr-124-LKM-DKL-01. Dkt. 150 at 9. Thus, she does not fit the pattern of a defendant who faced a harsh sentence based on a one-time mistake.

Distribution:

Irene Vasquez-Ramos
Reg. No. 15121-028
FCI Aliceville
Federal Correctional Institution
P.O. Box 4000
Aliceville, AL 35442

All Electronically Registered Counsel