Case 1:16-cr-00055-JMS-TAB    Document 265    Filed 10/22/24    Page 1 of 4 PageID #: 851

AO 247 (Rev. 03/19) Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)    Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
для the
Southern District of Indiana

| | |
|---|---|
| United States of America<br>v.<br>IRENE VASQUEZ-RAMOS | Case No: 1:16-cr-00055-JMS-TAB-01<br>USM No: 15121-028 |
| Date of Original Judgment: 07/05/2017<br>Date of Previous Amended Judgment: 03/27/2023<br>*(Use Date of Last Amended Judgment if Any)* | James Edgar (prior)<br>*Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☑ DENIED.  ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____ .
*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated _____ shall remain in effect.
**IT IS SO ORDERED**.

Order Date: 10/22/2024

*Judge's signature*

Effective Date: _____
*(if different from order date)*

*Printed name and title*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 1:16-cr-00055-JMS-TAB ) |
| IRENE VASQUEZ-RAMOS, a/k/a Ana Tellez (01), | ) ) ) ) |
| Defendant. | ) |

**ORDER DENYING MOTIONS TO REDUCE SENTENCE**

Defendant Irene Vasquez-Ramos (01) has filed Motions to Reduce Sentence based on USSC Amendment 821. [246 & 258].[1] Ms. Vasquez-Ramos was convicted of conspiracy to distribute 500 grams or more of methamphetamine. [193 & 229]. She received a sentence of 220 months. [Id]. She seeks a relief under Amendment 821, seeking a 2 point reduction in base offense level. [246 & 258]. The Government has filed a Response in Opposition in which it asserts she is ineligible because the amendment does not apply to Ms. Vasquez-Ramos. [262].

The Court has authority to modify a previously imposed sentence pursuant to 18 U.S.C. § 3582(c)(2), if the defendant's guideline range has been lowered subsequent to his sentencing by an act of the United States Sentencing Commission. In determining whether a defendant is eligible for such relief, district courts are to employ a two-step analysis. *See Dillon v. United States*, 560 U.S. 817, 826, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010). At step one, the Court is to determine

---

[1] The Court appointed the Indiana Federal Community Defender to represent Ms. Vasquez-Ramos. [247]. Counsel was later granted leave to withdraw. [250]. Ms. Vasquez-Ramos was afforded an opportunity to supplement her petition following the withdrawal [251], which she did [258].

whether the defendant is eligible for resentencing and the extent of the reduction authorized. *Id.* at 827. In making this determination the Court must heed the binding instructions of the Sentencing Commission codified [*3] at U.S.S.G § 1B1.10. *Id.* at 828-29. If the defendant is eligible for a reduction, the Court advances to the second step. At the second step, the Court considers any applicable § 3553(a) factors and determines whether, in the Court's discretion, the authorized reduction is warranted in whole or in part under the particular circumstances of the case. *Id.* at 827. One such factor includes the defendant's post-sentencing conduct. *See Pepper v. United States,* 562 U.S. 476, 492, 131 S. Ct. 1229, 179 L. Ed. 2d 196 (2011).

Beginning and ending with the step one analysis under *Dillon*, the Court agrees with the United States that Ms. Vasquez-Ramos is ineligible for resentencing. Ms. Vasquez-Ramos appears to assert a claim under Part B to Amendment 821, where the Sentencing Commission added what now appears in U.S.S.G. § 4C1.1(a). Part B provides a two-level reduction in offense level for many offenders who present zero criminal history points (subject to several exceptions). In pertinent part, the adjustment applies if "the defendant did not receive any criminal history points from Chapter Four, Part A." U.S.S.G. § 4C1.1(a)(1). While Ms. Vasquez-Ramos did not receive any criminal history points, she is not eligible because she does not "meet[] all of the . . . criteria." § 4C1.1(a). As the United States has noted, for a Ms. Vasquez-Ramos to qualify, she must not have received "an adjustment under §3B1.1 (Aggravating Role)." U.S.S.G. § 4C1.1(a)(10). But Ms. Vasquez-Ramos did receive an adjustment for aggravating role, and she is therefore not eligible for this reduction. The Court does not proceed to step two under *Dillon*.

For the foregoing reasons, Ms. Vasquez-Ramos's Motions to Reduce Sentence [246 & 258] are **DENIED.**

IT IS SO ORDERED.

Date: 10/22/2024

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

<u>By U.S. Mail to:</u>
Irene Vasquez- Ramos
 a/k/a Ana Tellez
Reg. No. 15121-028
FCI - Aliceville
P.O. Box 4000
Aliceville, AL  35442

Bradley Blackington
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
Bradley.blackington@usdoj.gov

MaryAnn Totino Mindrum
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
maryann.mindrum@usdoj.gov

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
bob.wood@usdoj.gov